# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>378 N Main Avenue<br>Tucson, AZ 85701 | )<br>)<br>) |
| Plaintiff, | )<br>)<br>)   Case No. |
| vs. | )<br>) |
| RYAN ZINKE<br>Secretary<br>U.S. Department of the Interior<br>1849 C Street NW<br>Washington, DC 20240 | )<br>)   **COMPLAINT FOR**<br>)   **DECLARATORY AND**<br>)   **INJUNCTIVE RELIEF**<br>)<br>) |
| U.S. FISH AND WILDLIFE SERVICE<br>1849 C Street NW<br>Washington, DC 20240 | )<br>)<br>)<br>) |
| JIM KURTH<br>Acting Director<br>U.S. Fish and Wildlife Service<br>1849 C Street NW<br>Washington, DC 20240 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## INTRODUCTION

1.      Time and time again, the U.S. Fish and Wildlife Service has sought to prematurely and illegally reduce and remove protections for the gray wolf (*Canis lupus*) under the Endangered Species Act, 16 U.S.C. §§ 1531-40 ("ESA"). Most recently, the Service has announced its intention to remove federal protections for the gray wolf nearly nationwide. Rather than once again rush to illegally remove wolf protections, the Service must first take steps required by the ESA to complete gray wolf recovery across the country.

2.      The Service has never prepared a nationwide plan to guide gray wolf recovery efforts. 16 U.S.C. § 1533(f). And the agency unreasonably denied a 2010 petition the Center for Biological Diversity ("Center") filed to ask for development of that recovery plan. The agency has also failed to review the status of the gray wolf in the last five years, as the ESA requires. 16 U.S.C. § 1533(c)(2)(A).

3.      Because the Service remains dead-set on removing gray wolf protections, rather than promoting its recovery as the law requires, the Center brings this lawsuit under the ESA and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* ("APA"), against defendants Ryan Zinke, Secretary of the Interior; the U.S. Fish and Wildlife Service; and the Service's Acting Director, Jim Kurth (collectively, "FWS"). As detailed further below, the Court should order FWS to develop a nationwide recovery plan and conduct a five-year status review for the gray wolf.

## JURISDICTION AND VENUE

4.      This action arises under the ESA, 16 U.S.C. § 1531 *et seq.*, and the APA, 5 U.S.C. § 500 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201-2202 (declaratory and further relief), 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under the ESA and citizen suit provision), and 5 U.S.C. § 702 (review of agency action under the APA). The Center has properly given notice to FWS of its claims under the ESA in accordance with 16 U.S.C. § 1540(g)(2)(C).

5.      Venue is proper in the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e), as this civil action is brought against an agency of the United States and officers and employees of the United States acting in their official capacities and under the color of legal authority, a substantial part of the events

giving rise to the claim occurred in the District of Columbia, and no real property is involved in this action.

## PARTIES

6.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit 501(c)(3) corporation with offices across the country, including in Tucson, Arizona; Oakland and Los Angeles, California; Denver, Colorado; St. Petersburg, Florida; Portland, Oregon; and Washington, D.C. The Center works through science, law, and creative media to secure a future for all species, great or small, hovering on the brink of extinction. The Center has more than 68,000 members throughout the United States and the world.

7.     The Center brings this action on its own institutional behalf and on behalf of its members, who derive scientific, aesthetic, recreational, and other benefits from the gray wolf. The Center's members have observed wolves in the wild and have ongoing interests in the wolf and its recovery. The interests of the Center and its members in observing, studying, and otherwise enjoying the wolf, and in obtaining and disseminating information regarding the status of the gray wolf, have been harmed by FWS.

8.     Unless the requested relief is granted, the Center's and its members' interests will continue to be injured by FWS's failure to develop and implement a nationwide recovery plan for the gray wolf under the ESA—whether pursuant to FWS's duty under the ESA or in response to the Center's petition. They will also continue to be injured by FWS's failure to analyze the status of the gray wolf through a timely five-year status review. The injuries described above are actual, concrete injuries that are caused by FWS and presently suffered by the Center and its members, and these injuries will

continue to occur unless relief is granted by this Court. The relief sought herein—which includes an order that FWS develop and implement a nationwide gray wolf recovery plan and conduct a five-year status review—would redress the Center's and its members' injuries. The Center has no other adequate remedy at law.

9.      Defendant RYAN ZINKE, United States Secretary of the Interior, is the highest ranking official within the U.S. Department of the Interior and, in that capacity, has ultimate responsibility for the administration and implementation of the ESA for terrestrial endangered and threatened species, including the gray wolf, and for compliance with all other federal laws applicable to the Department of the Interior. He is sued in his official capacity.

10.      Defendant U.S. FISH AND WILDLIFE SERVICE is a federal agency within the Department of the Interior authorized and required by law to protect and manage natural resources. The Service has primary authority for day-to-day administration of the ESA with respect to terrestrial species, including the gray wolf.

11.      Defendant JIM KURTH is Acting Director of the U.S. Fish and Wildlife Service. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

12.      The gray wolf once occupied the majority of North America, excluding perhaps only the driest deserts and the southeastern U.S. where the red wolf occurred. Scientists estimate that as many as two million wolves may have lived in North America pre-European settlement.

13.      Wolves are incredibly important to the ecosystems they inhabit. Within the United States, studies of gray wolves in Yellowstone National Park and elsewhere

demonstrate that wolves significantly shape their ecosystems, promoting biodiversity and overall ecological health.

14.     Failing to recognize the value of wolves, government agents used deadly poisons and traps to kill wolves during the late 19th century and first half of the 20th century. By 1967, when wolves were first federally protected under a precursor to the ESA, they had been reduced to fewer than 1,000 wolves in northeastern Minnesota, with a very small isolated population on Isle Royale.

15.     FWS originally protected wolves as four subspecies, but, given uncertain validity of these subspecific designations, FWS in 1978 protected the gray wolf as an endangered species in the conterminous United States and designated the Minnesota population as threatened. 43 Fed. Reg. 9607 (March 9, 1978).

16.     Rather than develop a nationwide gray wolf recovery plan, FWS developed separate plans for wolves in three recovery areas: (1) the Northern Rocky Mountains (drafted in 1978, revised in 1987, now delisted); (2) the Great Lakes (drafted in 1978, revised in 1992); and (3) the Southwest (now separately listed as the Mexican gray wolf subspecies).

17.     FWS developed these recovery plans prior to major scientific gains in wolf genetics and population viability analysis. The agency never developed recovery plans to guide recovery for many areas where wolves could and should recover, including the Northeast; Pacific Northwest and California; Southern Rocky Mountains; and Great Plains.

18.     Recovery efforts, including wolf reintroduction to the Northern Rocky Mountains, have been largely restricted to regions covered by the recovery plans. The

recovery plan for the "eastern timber wolf" set a goal of 1,250-1,400 wolves for the Minnesota population in at least 40 percent of the state, with a geographically-disjunct population of at least 200 wolves. The goals of this outdated plan were apparently met in the 1990s.

19.    The Center submitted a petition for rulemaking to FWS on July 20, 2010, that formally requested development of a nationwide wolf recovery plan under the ESA, 16 U.S.C. § 1533(f), and the APA, 5 U.S.C. § 553. On November 13, 2018, FWS denied that petition.

20.    FWS has made numerous premature efforts to reduce federal protections for wolves under the ESA. The only successful effort was in the Northern Rocky Mountains, where Congress (through a rider to an appropriations bill) directed FWS to remove wolf protections. 76 Fed. Reg. 25,590 (May 5, 2011). FWS thereafter also removed protections from Wyoming's wolves. 77 Fed. Reg. 55,530 (Sept. 10, 2012).

21.    Since then, in 2013, FWS proposed removal of wolf protections across the lower 48. In conjunction with that proposal, on February 29, 2012, FWS released a five-year status review recommending that the listing be revised to reflect the current distribution and status of wolf populations in the lower 48.

22.    Earlier this year, FWS announced that another nationwide delisting proposal would be published by the end of 2018.

23.    Today, wolves occupy about ten percent of their historic range in the U.S. with most progress in those three areas covered by recovery plans. The total population likely numbers less than 6,000 individuals. While this represents a considerable improvement in the status of the gray wolf since its listing, threats remain inadequately

addressed in both occupied and unoccupied portions of the range.

24.     Because recovery efforts have focused on just three regions and not on the

nationwide listed entity—i.e., gray wolves throughout the lower 48—full recovery has

not occurred.

25.     The Center sent the Secretary and the Acting Director of the U.S. Fish and

Wildlife Service a 60-day notice of intent to sue for violations of the ESA on September

14, 2018.

## CLAIMS FOR RELIEF

26.     For each of the Claims in this Complaint, the Center incorporates by

reference each allegation set forth in this Complaint as if set out in full below.

## FIRST CLAIM

### Failure to Develop and Implement a Nationwide Gray Wolf Recovery Plan

27.     Section 4(f) of the ESA provides that FWS "shall develop and implement"

recovery plans for the "conservation and survival" of listed species unless the agency

makes a finding that "such a plan will not promote the conservation of the species."

16 U.S.C. § 1533(f)(1).

28.     The gray wolf's listing covers the lower 48 except for delisted wolves in

the Northern Rocky Mountain region. FWS has never developed or implemented a

recovery plan for this nationwide listed entity. FWS has never made a finding that such a

plan would not promote the conservation of the species.

29.     FWS has violated its mandatory, non-discretionary duty found in section

4(f) of the ESA, id. § 1533(f), to either develop and implement a nationwide recovery

plan for the gray wolf or make a finding that such a plan will not promote its conservation.

30.     This violation of law is actionable under the ESA's citizen suit provision. *Id*. § 1540(g)(1)(C). The APA provides the standard of review. 5 U.S.C. § 706(2)(A). FWS's refusal to fulfill its mandatory duty is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id*.

31.     In the alternative, FWS has also unlawfully withheld or unreasonably delayed its compliance with section 4(f) of the ESA, 16 U.S.C. § 1533(f), by failing to develop or implement a nationwide recovery plan for the gray wolf. This inaction and delay violates the APA. 5 U.S.C. § 706(1).

## SECOND CLAIM

### Unreasonable Denial of the Center's 2010 Petition

32.     The Center submitted a petition for rulemaking to FWS on July 20, 2010, that formally requested development of a nationwide wolf recovery plan under the ESA and the APA.

33.     On November 13, 2018, FWS denied the Center's petition, even though FWS has never developed or implemented a recovery plan for the nationwide gray wolf listed entity or made a finding that such a plan would not promote the conservation of the species.

34.     FWS's denial of the petition is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

## THIRD CLAIM

### Failure to Conduct a Timely Five-Year Status Review

35.     Section 4(c) of the ESA requires that FWS "conduct, at least once every five years, a review of all [listed] species . . . ." 16 U.S.C. § 1533(c)(2).

36.     On February 29, 2012, FWS released a five-year status review for the gray wolf. Upon information and belief, FWS has not completed a five-year status review for the gray wolf since that time.

37.     FWS has violated its mandatory, non-discretionary duty found in section 4(c)(2)(A) of the ESA, 16 U.S.C. § 1533(c)(2)(A), to complete a timely five-year status review for the gray wolf.

38.     This violation of law is actionable under the ESA's citizen suit provision. *Id*. § 1540(g)(1)(C). The APA provides the standard of review. 5 U.S.C. § 706(2)(A). FWS's refusal to fulfill its mandatory duty is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id*.

39.     In the alternative, because more than six years have passed since FWS prepared a five-year review for the gray wolf, FWS has unlawfully withheld or unreasonably delayed its compliance with section 4(c)(2) of the ESA, 16 U.S.C. § 1533(c)(2). This inaction and delay violates the APA. 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, the Center respectfully requests this Court:

1.     Declare that FWS has violated its mandatory, non-discretionary duty found in section 4(f) of the ESA, 16 U.S.C. § 1533(f), to either develop and implement a

nationwide recovery plan for the gray wolf or make a finding that such a plan will not promote its conservation. In the alternative, declare that FWS has unlawfully withheld or unreasonably delayed its compliance with section 4(f) by failing to develop or implement a nationwide recovery plan for the gray wolf, in violation of the APA, 5 U.S.C. § 706(1);

2.      Declare that FWS has unreasonably denied the Center's 2010 petition for a nationwide recovery plan for the gray wolf, in violation of the APA, 5 U.S.C. § 706(2)(A);

3.      Declare that FWS has violated its mandatory, non-discretionary duty found in section 4(c)(2)(A) of the ESA, 16 U.S.C. § 1533(c)(2)(A), to complete a timely five-year status review for the gray wolf. In the alternative, declare that FWS has unlawfully withheld or unreasonably delayed its compliance with section 4(c)(2)(A) by failing to timely complete a five-year status review for the gray wolf, in violation of the APA, 5 U.S.C. § 706(1);

4.      Order that FWS develop and implement a nationwide recovery plan for the gray wolf by reasonable dates certain;

5.      Order that FWS complete a five-year status review for the gray wolf by a reasonable date certain;

6.      Award the Center its attorneys' fees and costs in this action as provided by the ESA, 16 U.S.C. § 1540(g)(4), or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

7.      Grant the Center such other and further relief as this Court may deem just and proper.

DATED: Nov. 14, 2018                    Respectfully submitted,

                                        */s/ Amy R. Atwood*
                                        Amy R. Atwood

                                        Amy R. Atwood (D.C. Bar No. 470258)
                                        CENTER FOR BIOLOGICAL DIVERSITY
                                        P.O. Box 11374
                                        Portland, OR 97211
                                        Telephone: 503-283-5474
                                        atwood@biologicaldiversity.org

                                        Collette L. Adkins (MN Bar No. 035059X)*
                                        CENTER FOR BIOLOGICAL DIVERSITY
                                        P.O. Box 595
                                        Circle Pines, MN 55014-0595
                                        Telephone: (651) 955-3821
                                        cadkins@biologicaldiversity.org

                                        *Seeking admission *pro hac vice*

                                        *Attorneys for the Center for Biological Diversity*

11